ALVARO R. CALDERÓN, JR., Member of the Commonwealth Board of Elections in representation of the Puerto Rican Union Party, and ETIONY ALDARONDO GALVÁN, Member of the Commonwealth Board of Elections in representation of the People's Party, Petitioners, *v.* COMMONWEALTH BOARD OF ELECTIONS OF PUERTO RICO, WALTER BUSÓ, ACTING GENERAL SUPERVISOR OF ELECTIONS, Respondent.

No. 25.      Decided September 11, 1972.

*Alvaro R. Calderón, Jr., pro se,* and *Etiony Aldarondo Galván, pro se,* both members of the Commonwealth Board of Elections. *Gilberto Gierbolini, Solicitor General,* for the Commonwealth Board of Elections.

DECISION OF MR. CHIEF JUSTICE LUIS NEGRÓN FERNÁNDEZ.

(Given in open court on September 11, 1972.)

The following is the Decision of the Chief Justice in this Petition, which involves an Appeal filed in accordance with the pertinent provisions of the Election Law by Mr. Alvaro Calderón, Jr., and Professor Etiony Aldarondo Galván, members of the Commonwealth Board of Elections who represent therein the Puerto Rican Union Party and the People's Party, respectively.

■ The decision object of the present Petition was in the sense that in addition to the official poll lists that the Board would deliver to the different political parties, in accordance with the provisions of the law, the magnetic tape which is used by the electronic machines to prepare the poll lists be put at the disposal of all the parties, for the purpose of reproducing them and making additional copies of said lists. In that same meeting of the Board, held on the past August 31, it was unanimously agreed that the Supervisor would deliver to each one of the political parties a copy of lists alphabetized by municipalities, and by precincts in case the municipality has more than one precinct.

After the corresponding study of the question raised in the light of the provisions of law; after having examined the transcript of the record and antecedents raised in this Petition, and after having heard the oral arguments by the parties today, the Chief Justice is of the opinion that the decision appealed from should be set aside—as it is hereby done—on the following grounds:

I

The political parties, the principal parties as well as the

parties by petition duly registered, have equal rights before the law.

The Commonwealth Board of Elections is the organization responsible for the supervision and direction of everything concerning the registration of voters and elections of Puerto Rico, and it exercises its authority pursuant to the provisions of the Election Law and of other laws related with the voting process, and of the Rules and Regulations which it may adopt in compliance with the same.

■ If the Commonwealth Board of Elections deems, exercising that authority, that it is justified—in the public interest and in the electoral process—that the political parties should have, in addition to the copies of the poll lists which the law provides shall be furnished to them, other lists, or more copies of the former, and it thus agrees, then all the political parties—irrespective of the estimate or the potential of its electoral force—would have a right to the equal treatment which the law provides for all.

In such case it would not be the half product—of a magnetic tape, which would require its final elaboration in electronic machines, according to how each party could do it in accordance with its economical capacity—to which each political party would be equally entitled, but to the finally elaborated product, which in this case would be the poll lists themselves, finished and not the magnetic tapes only, which constitute only an intermediate process or unfinished phase of the preparation of the aforementioned lists themselves.

■ In the absence of such an agreement, each interested party would have to comply, in the exercise of the right to obtain certified copies of the poll lists which § 35 of the Election Law acknowledges to it—16 L.P.R.A. § 85—with the requirement provided in the same for the obtainment of such copies, upon the cancellation in internal revenue stamps of the fees provided by law for that purpose.

## II

The true equality of rights among the political parties—proclaimed by the Election Law—is not obtained through the parity of the basic economic help that the State in a certain manner gives during the pre-electionary period to all the parties by means of the Election Fund, created by law, in a sum initially equal for all and in an additional sum which is determined in proportion to the electoral force of each party, according to the results of the primaries.

The true equality, in fair justice, is one of reasonable opportunity to compete before the entire electorate, without aggravating the disadvantages resulting from the economical disparity of their affiliates or admirers, to contribute with particular funds to the political organization of their choice; economical inequality which the Election Fund, in the competitive reality of the present campaigns to approach followers in our time—each time more complex and sophisticated—cannot by itself vanish.

## III

All electoral activity of a party is, because of the inherent objective of its own existence, one of political proselytism; this is to say, for the purpose of winning followers for its programs and for its candidates, in view of an election to form a government. The establishment of multiple orientation centers by the political parties is one of the ways in which they can perform that activity of proselytism.

Although such an activity is part of the right which every political party can exercise, and which the law does not prohibit, the establishment of orientation centers for the electorate to illustrate them as to the manner of exercising the right to vote and how to vote—without influencing their freedom of thought to do so—could be given by the State, through its official electoral organization, without the electorate hav-

ing to depend on the initiative, organization, and economical capacity of the political parties, which, of course, cannot be curtailed of such right.

IN CONSIDERATION OF THE FOREGOING, the appeal filed is granted and consequently the decision appealed from is set aside, and the case remanded to the Board for the action it may deem proper consistent with the foregoing.

Given in open court, at San Juan, Puerto Rico, September 11, 1972.

LET IT BE NOTIFIED.

It was so ordered as witnesses the signature of the Chief Justice.

(s) Luis Negrón Fernández

*Chief Justice*

I Attest:

(s) José L. Carrasquillo
*Clerk*